

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

——————————————————————

IRENE LYNCH,

            Plaintiff,

     v.                                          25-CV-794 (JLS) (LGF)

HOME SITE PROPERTY HOLDINGS,
LLC; DAVID J. MANSOUR, ESQ., *in
his individual capacity*; CONNIE M.
LOZINSKY, ESQ., *in her individual
capacity*; EUGENE PUCCI, *City
Marshal, in his individual and official
capacity*; JANE DOE 1, *in her
individual and official capacity as
Clerk*; JANE DOE 2, *in her individual
and official capacity as Clerk*,

            Defendants.

——————————————————————

## DECISION AND ORDER

Plaintiff Irene Lynch commenced this action on August 29, 2025, alleging

claims under 42 U.S.C. §§ 1983 and 1985 based on the circumstances surrounding

the sale of her home located at 919 Walnut Avenue in Niagara Falls, New York

("the property"). Dkt. 1. The case has been referred to United States Magistrate

Judge Leslie G. Foschio for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and

(C). Dkt. 24.

On September 23, 2025, Defendant David Mansour moved to dismiss

Plaintiff's complaint. Dkt. 25. Plaintiff opposed this motion, Dkt. 49, and

Defendant Mansour replied, Dkt. 52. On December 1, 2025, Scott Philbin, Esq.,

filed a "Suggestion of Death," indicating that Defendant Mansour had died. Dkt. 53. This document was signed by the estate administrator, and it was served upon all parties to the lawsuit. *Id.* On March 9, 2026, Movant Joseph McCray, Plaintiff's son, filed a letter indicating that Plaintiff had died on January 9, 2026, and stating his intent to be appointed as the legal representative of Plaintiff's estate. Dkt. 55. He also requested an extension of time on all deadlines until he became the administrator of Plaintiff's estate. *Id.* On April 13, 2026, Movant filed an omnibus motion seeking leave to file a second amended complaint, to substitute himself as Plaintiff, to substitute Kathleen Mansour, the administrator of Defendant Mansour's estate, for Defendant Mansour, to join additional defendants, and to receive an extension of time to effectuate service. Dkt. 56. The same day, he also moved for a preliminary injunction to restore water to the property, to strike the deed recorded by Defendant Home Site Property Holdings, LLC, and to give expedited resolution to his omnibus motion. Dkt. 57.

On April 16, 2026, Judge Foschio issued a Report and Recommendations ("R&R"). Dkt. 58. He recommended that Movant's omnibus motion, Dkt. 56, should be denied without prejudice "as to the request that Movant be substituted as Plaintiff" and should be dismissed without prejudice "as to the other relief requested." Dkt. 58 at 9. Relatedly, he noted that, pursuant to Federal Rule of Civil Procedure 25(a), if there was no substitution of Plaintiff by June 7, 2026, the case may be dismissed. *Id.* at 11. Because there was no substitution for Plaintiff when Judge Foschio wrote the R&R, he noted that the Court was "without any

2

authority to act" on Movant's other motions, and he recommended that Movant's letter motion, Dkt. 55, and Movant's motion for injunctive relief, Dkt. 57, should be dismissed without prejudice. Dkt. 58 at 9. Finally, Judge Foschio recommended that the action, Dkt. 1, should be dismissed with prejudice as to Defendant Mansour and that Defendant Mansour's motion to dismiss, Dkt. 25, should also be dismissed with prejudice. Dkt. 58 at 11.

On April 17, 2026, Movant filed a "Suggestion of Death Upon the Record Under Rule 25(a)(1)," attaching his petition for letters of administration of Plaintiff's estate that he filed with the Niagara County Surrogate Court, and indicating that he would file a motion for substitution under Rule 25(a)(1) once these letters were issued. Dkts. 60 and 61. On April 20, 2026, he filed objections to the R&R. Dkts. 62, 64. He also filed a letter providing a status update to his motion at Dkt. 57, seeking guidance on how to effectuate service of process, and seeking injunctive relief to restore water to the property. Dkt. 59.

On April 28, 2026, Philbin, on behalf of Defendant Mansour, filed an objection to the portion of the R&R that dismissed Defendant Mansour's motion to dismiss with prejudice. Dkt. 65. On April 30, 2026, Movant filed an amended objection to the R&R. Dkt. 67. Philbin, acting on Defendant Mansour's behalf, responded to Movant's objections. Dkt. 69. Movant replied. Dkt. 70. Movant then filed a letter with a proposed order to grant his motion at Dkt. 57. Dkt. 71. On June 17, 2026, Movant filed an additional motion, seeking various forms of relief, including a temporary restraining order to restore water to the property, a

3

preliminary injunction preventing Defendant Home Site Property Holdings, LLC, from removing him from the property, suspension of the deed, an entry of default against Defendant Home Site Property Holdings, LLC, rejection of the R&R, an extension of time for him to obtain letters of administration to permit his substitution, and assignment of pro bono counsel. Dkt. 72. On June 26, 2026, Movant filed an amended affirmation in support of his "emergency order to show cause with temporary restraining order and preliminary injunction." Dkt. 76. He also filed an amended proposed "order to show cause with temporary restraining order, preliminary injunction, and related relief." Dkt. 77.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts Judge Foschio's recommendation, *except* to the extent that it dismisses Defendant Mansour's motion to dismiss, Dkt. 25, with prejudice.

But the Court's work does not end with Judge Foschio's R&R. As Judge Foschio noted in his R&R, the 90-day window to file a motion for substitution under

4

Rule 25(a)(1) expired in this case on June 7, 2026. *See* Dkt. 58 at 11. The Court interprets Movant's "Suggestion of Death Upon the Record Under Rule 25(a)(1)," Dkts. 60 and 61, filed before the 90-day window closed, to include an implied motion for extension of time to file a motion for substitution under Rule 25(a)(1). And after the 90-day window closed, Movant made an explicit request for an extension of time to file a proper motion for substitution. *See* Dkt. 72.

A court "is authorized to extend the time in which to file a motion for substitution before or after the expiration of the ninety-day period pursuant to Fed. R. Civ. P. 6(b)." *Kernisant v. City of New York*, No. 98-CV-7685 (ILG), 225 F.R.D. 422, at 427 (E.D.N.Y. Jan. 19, 2005) (granting an extension of time to file a motion for substitution when one was not filed within the ninety-day window). A party must "demonstrate some justification" for the issuance of the extension. *Id.* at 431. However, an application for an extension of time under Rule 6(b)(1) normally will be granted "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (4th ed. 2026 update).

Here, Movant included lengthy filings indicative of his efforts to receive letters of administration. *See* Dkts. 60, 61. And no remaining defendant has indicated that an extension of time would cause him or her prejudice. In light of this, the Court grants Movant an extension until **October 20, 2026** to file a proper motion for substitution. F.R.C.P. 25(a)(1). Such motion must include evidence that Movant is "the successor of the deceased or the representative of [her] estate."

5

*Yates v. Smith*, 9:17-CV-1227(LEK/ML), 2019 WL 4508929, at *1 (N.D.N.Y. Sep. 19, 2019) (quoting *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.Y.N.Y. 2004). Further, if Movant does wish to proceed as the representative of Plaintiff's estate, he may not continue *pro se* but must obtain counsel. *See Billups v. West*, No. 95 CIV. 1146 (KMW) HBP, 1998 WL 341939, at *2 (S.D.N.Y. June 26, 1998) (quoting *Gayle v. New York State Div. of Parole*, 95 Civ. 10552(SS), 1997 WL 53156 at *1 (S.D.N.Y. Feb. 10, 1997) (emphasis added) ("[a] person proceeding *pro se* cannot represent anyone but himself.").

Moreover, Movant's remaining motions that were filed after the R&R was issued, Dkts. 59, 72, and 77, are dismissed without prejudice to the extent that they seek relief other than an extension of time to file a proper motion for substitution. Movant may renew these motions if he does file a proper motion for substitution. *See, e.g., Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997) (recognizing that because there was an improper motion for substitution, the court lacked authority to consider an appeal).

Thus, for the reasons in the R&R, the action, Dkt. 1, is dismissed with prejudice as to Defendant Mansour; Movant's letter motion, Dkt. 55, is dismissed without prejudice; Movant's omnibus motion, Dkt. 56, is denied without prejudice as to the request that Movant be substituted and dismissed without prejudice as to the other relief requested; Movant's motion for injunctive and expedited relief, Dkt. 57, is dismissed without prejudice. However, Defendant Mansour's motion to dismiss, Dkt. 25, remains pending.

6

The request for an extension of time to file a motion for substitution, implicit in Dkts. 60 and 61, and explicit in Dkt. 72, is granted. If Movant wishes to pursue this action, by no later than **October 20, 2026**, he must file a proper motion for substitution, which will include evidence that he is either the successor of the deceased or the representative of her estate. If he does proceed as representative of her estate, he must obtain counsel. To the extent that the motions at Dkts. 59, 72, and 77 request other relief, they are dismissed without prejudice.

The case is referred back to Judge Foschio consistent with the September 22, 2025 referral order. *See* Dkt. 24.

SO ORDERED.

Dated:      July 23, 2026
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

7