UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

IRENE LYNCH,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **DECISION** |
| v. |  | **and** |
|  |  | **ORDER** |

HOME SITE PROPERTY HOLDINGS, LLC,
DAVID J. MANSOUR, ESQ., in his individual
  capacity,
CONNIE M. LOZINSKY, ESQ.,
EUGENE PUCCI, City Marshal, and
JANE DOE 1 & 2 in her individual and official
  capacity as Clerk,

**25-CV-794-JLS(LGF)**

                            Defendants.

_____

APPEARANCES:       GROSS SHUMAN P.C.
                         Attorneys for Defendant Mansour
                         SCOTT M. PHILBIN, of Counsel
                         465 Main Street
                         Suite 600
                         Buffalo, New York  14203

                         CONNIE MARIE LOZINSKY, ESQ., *Pro se*
                         2254 Pine Avenue
                         P.O. Box 2145NMS
                         Niagara Falls, New York  14301

                         EUGENE PUCCI, *Pro se*
                         1027 Main Street
                         Niagara Falls, New York  14301

On August 29, 2025, Plaintiff Irene Lynch ("Plaintiff" or "Lynch"), proceeding *pro se*, commenced the instant action in this court alleging, pursuant to 42 U.S.C. §§ 1983 and 1985, violations and conspiracy to violate Plaintiff's civil rights in connection with the sale of Plaintiff's home located in Niagara Falls, New York ("the property") to

Defendant Home Site Property Holdings, LLC ("Home Site") ("the sale").  Plaintiff was represented in the sale by Defendant David J. Mansour, Esq. ("Mansour"), and Home Site was represented by Defendant Connie M. Lozinsky, Esq. ("Lozinsky").  Plaintiff maintains that the sale of her home included a life estate permitting Plaintiff to continue residing in the home for the rest of Plaintiff's life ("life estate agreement"), but Defendants failed to comply with the life estate agreement and insisted Plaintiff vacate the property after the sale closed on February 3, 2023.  Because Plaintiff did not vacate the property following the sale, Home Site commenced an eviction proceeding in Niagara Falls City Court ("City Court").  On August 5, 2025, Defendant Niagara Falls City Marshal Eugene Pucci ("Pucci") issued a Notice of Eviction ("Notice of Eviction") advising Plaintiff to vacate the property by August 19, 2025 or she would be forcibly removed.  At some time that is not definitively identified by the parties, Plaintiff was locked out of her home based on the Notice of Eviction ("the eviction").

On September 22, 2025, this case was referred to the undersigned by Honorable John L. Sinatra, Jr., for all pretrial matters including preparation of a report and recommendation on dispositive motions. (Dkt.  24).  On September 23, 2025, Defendant Mansour filed a motion to dismiss (Dkt. 25) ("Mansour's motion").  On October 15, 2025, Defendant Pucci filed a motion to dismiss (Dkt. 36) ("Pucci's motion").  ON December 1, 2025, a Suggestion of Death advising of Defendant Mansour's death on November 25, 2025 was filed (Dkt. 53).

On March 9, 2026, one Joseph McCray ("McCray"), who maintains he is Plaintiff's son, filed a letter motion (Dkt. 55) ("Letter Motion") advising of Plaintiff's death on January 9, 2026, and that McCray was seeking to be substituted for Plaintiff

pursuant to Fed.R.Civ.P. 25(a)(1) ("Rule 25(a)(1)").  On April 13, 2026, McCray filed a motion to be substituted as Plaintiff and for other relief (Dkt. 56) ("McCray's omnibus motion"), and a motion for a preliminary injunction (Dkt. 57) ("McCray's motion for injunctive relief").  In a Report and Recommendation filed April 16, 2026 (Dkt. 58) ("the R&R"), the undersigned recommended McCray's letter motion, omnibus motion, and motion for injunctive relief be denied without prejudice, all three recommendations which were adopted by District Judge Sinatra in a Decision and Order filed July 23, 2026 (Dkt. 78) ("the D&O").  The undersigned's recommendation that, in light of the death of Defendant Mansour, for whom no motion, in accordance with Rule 25(a)(1), to substitute a representative of Mansour's estate for Mansour had been timely filed, Defendant Mansour's motion should be dismissed with prejudice and the action should be dismissed with prejudice as against Defendant Mansour, was not adopted by Judge Sinatra;[1] instead, Defendant Mansour's motion remains pending.  Judge Sinatra also extended until October 20, 2026, the deadline for McCray to file a proper motion for substitution, and referred the matter back to the undersigned.

Prior to her death, Plaintiff filed other motions including a motion seeking guidance and leave regarding service of process, filed September 29, 2025 (Dkt. 29) ("motion for guidance"), for default judgment against Defendant Pucci, filed September 29, 2025 and October 8, 2025 (Dkts. 31 and 33) ("motions for default judgment"),[2] a motion for relief from a judgment entered September 19, 2025 (Dkt. 23), denying

---

[1] Although not discussed in the D&O, Judge Sinatra's decision not to dismiss Mansour's motion with prejudice appears to be based on objections to the R&R filed April 28, 2026 by Mansour's attorney, Scott M. Philbin, Esq., (Dkt. 65), asserting a desire to preserve the merits of Mansour's motion for consideration by this court as a later date should a successful appeal of this action be taken.

[2] To date, default has not been entered as to Defendant Pucci or any other Defendant.  Further, Pucci's motion to dismiss (Dkt. 36) remains pending.

Plaintiff's earlier motion (Dkt. 2) for a restraining order, filed October 16, 2025 (Dkt. 39) ("motion for relief from judgment"), a motion seeking leave to file a supplemental complaint regarding transactions, occurrences, or events occurring subsequent to the commencement of this action, filed October 16, 2025 (Dkt. 40) ("motion to file a supplemental complaint"), a motion to vacate a text order entered October 16, 2025 (Dkt. 37) establishing a date by which Plaintiff was to file a response to Pucci's motion to dismiss, filed on October 24, 2025 (Dkt. 42) ("motion to vacate response date"), an omnibus motion for early discovery and to stay proceedings, filed November 5, 2025 (Dkt 45) ("omnibus discovery motion"), and a motion seeking to compel Defendant Pucci to provide Plaintiff with a copy of Pucci's motion to dismiss and extension of time to respond, filed November 13, 2025 (Dkt. 47) ("motion for a copy").

Because this action cannot proceed absent the substitution of a proper party for the now-deceased plaintiff, *see Billino v. Citibank, N.A.*, 123 F.3d 723, 725 (2d Cir. 1997) (recognizing that an action brought by a since decease plaintiff cannot proceed without a substitution for the plaintiff because "[a] deceased plaintiff simply no longer has a cognizable interest in the outcome of litigation . . . ."), all pending motions filed by Plaintiff, including Plaintiff's motions for guidance (Dkt. 29), for default judgment (Dkts. 31 and 33), for relief from judgment (Dkt. 39), to file a supplemental complaint (Dkt. 40), to vacate response date (Dkt. 42), for omnibus discovery (Dkt. 45), and for a copy and extension of time (Dkt. 47) are DISMISSED without prejudice and with leave to re-file should a proper party for Plaintiff be substituted pursuant to Rule 25(a)(1). *See Lungu v. New Island Hospital/St. Joseph Hospital*, 2012 WL 2050205, at *8 (E.D.N.Y. June 4,

4

2012) (dismissing without prejudice and with leave to refile multiple motions filed by plaintiff, prior to plaintiff's death, because no party had been substituted for the plaintiff.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motions for guidance (Dkt. 29), for default judgment (Dkts. 31 and 33), for relief from judgment (Dkt. 39), to file a supplemental complaint (Dkt. 40), to vacate response date (Dkt. 42), for omnibus discovery (Dkt. 45), and for a copy and extension of time (Dkt. 47) are DISMISSED without prejudice and with leave to re-file should a proper party for Plaintiff be substituted pursuant to Fed.R.Civ.P. 25(a)(1).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:       July 30, 2026
             Buffalo, New York

**Any appeal of this Decision and Order must be taken by filing written objection with the Clerk of Court <u>not later than 14 days</u> after service of this Decision and Order in accordance with Fed.R.Civ.P. 72(a).**